IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-04652-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may delay the consideration of your claims.**)

CESAR LUIS ONTON CHATE,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Detention Center,
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, and
DAVID VENTURELLA, Director of ICE,

Respondents.

---

**ORDER TO SHOW CAUSE**

---

Petitioner Cesar Luis Onton Chate is a federal immigration detainee at the Aurora Detention Center in Aurora, Colorado. On September 21, 2026, Petitioner filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). The *pro se* application challenges his ongoing immigration detention at the Aurora Detention Center. This, however, is not his first challenge to that detention. On May 28, 2026, Petitioner filed a § 2241 petition through counsel in *Onton Chate v. Mullin*, No. 26-cv-02362-DDD-KAS (D. Colo.) (pending). Petitioner discloses that case in his *pro se* § 2241 application and acknowledges that the earlier case is “still pending for resolution.” (ECF No. 1 at 3).

The Court must construe Plaintiff's application liberally because he is representing himself in this case. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons below, Petitioner will be directed to show cause why this case should not be dismissed as repetitive and duplicative.

Based on the Court's review of its files and records, Petitioner's *pro se* application and the counseled petition in *Onton Chate v. Mullin*, No. 26-cv-02362-DDD-KAS ("*Onton Chate I*"), challenge the same custody: his detention by ICE at the Aurora facility since August 2025, pending the same removal proceedings. The two filings rest on the same facts, including his 2015 adjustment of status, his 2023 Utah conviction, his family and business ties in Roosevelt, Utah, and an immigration judge's denial of bond on dangerousness grounds. Both assert that his detention violates the Due Process Clause because the immigration judge denied bond without requiring the government to prove danger by clear and convincing evidence. Both seek his release. In this case, Petitioner does add claims that ICE arrested him without a warrant, in violation of 8 U.S.C. § 1357(a)(2) and the Fourth Amendment. But those claims arise from the same arrest and detention at issue in the earlier case, seek the same remedy, and may be raised there through counsel by amendment. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a).

"[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Park v. TD Ameritrade Trust Co., Inc.*, 461 F. App'x 753, 755 (10th Cir. 2012) (unpublished) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) (internal quotation marks and citation omitted). A duplicative suit may be dismissed for reasons of "wise judicial administration." *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (holding that district court may dismiss a suit that is duplicative of another federal court suit); *accord Williams v. Madden*, 2001 WL 661086 at *1 and n.1 (10th Cir. 2001) (unpublished) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action"). A duplicative suit is also subject to dismissal as frivolous or malicious. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984) (federal courts have inherent power to regulate their dockets, promote judicial efficiency, and deter frivolous filings).

Because the claims, parties, and requested relief in this action are duplicative of the claims, parties, and relief requested in *Onton Chate I*, the Court may dismiss this action as duplicative. Therefore, Petitioner will be ordered to show cause why this action should not be dismissed as duplicative.

**The Court recognizes the importance of Petitioner's challenges to his ongoing immigration detention and his interest in a prompt ruling. But when a**

**litigant files multiple cases asserting the same or overlapping claims, the Court must spend more of its limited resources to resolve them. Filing more than one habeas application to challenge the same detention may actually delay the consideration and resolution of Petitioner's challenges to his immigration detention.**

Accordingly, it is

ORDERED that Petitioner is directed to show cause **within fourteen days (14) days from the date of this order** why this case should not be dismissed as duplicative of *Onton Chate v. Mullin*, No. 26-cv-02362-DDD-KAS. It is

FURTHER ORDERED that if Petitioner fails to show cause as directed within the time allowed, the *pro se* § 2241 application and this action will be dismissed without prejudice and without further notice.

DATED September 23, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge