**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Civil Action No. 26-cv-04652-DDD

CESAR LUIS ONTON CHATE,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Detention Center,
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, and
DAVID VENTURELLA, Director of ICE,

Respondents.

---

## ORDER DENYING WRIT OF HABEAS CORPUS

---

Petitioner Cesar Luis Onton Chate seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing his release from immigration detention. Doc. 1. This is his second challenge to the same detention. For the following reasons, his request is denied.

On September 23, 2026, I denied the petitioner's counseled § 2241 petition in *Onton Chate v. Mullin*, No. 26-cv-02362-DDD-KAS (*Onton Chate I*). I held that the petitioner had received an individualized bond hearing under 8 U.S.C. § 1226(a), and that due process does not require a second hearing based on the length of his detention alone. *Id.*, Doc. 13 at 5-8. I also denied the petitioner's claim that his ongoing detention without a second bond hearing violates the Eighth Amendment prohibition against excessive bail. *Id.*, Doc. 13 at 8-9.

While the first counseled habeas petition was pending, the petitioner

submitted a second, *pro se* petition.[1] Doc. 1. The *pro se* petition raises four claims. Rule 4 of the Rules Governing Section 2254 Cases, which I may apply to § 2241 petitions, *see* Rule 1(b), requires dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." That is the case here.

The *pro se* petition's prolonged-detention claims (Claims Two and Four) repeat the due process claims I rejected in *Onton Chate I*. The second petition offers nothing that would change that result. The *pro se* petition adds two news claims based on allegations that ICE arrested Mr. Onton Chate without a warrant (Claims One and Three). These new claims also fail. The record in *Onton Chate I* shows that ICE arrested the petitioner on August 4, 2025, pursuant to a warrant. *Onton Chate I*, Doc. 13 at 2; Doc. 10-1 at 2; *see Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (recognizing that the "court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record"). The petitioner's claims asserting that his arrest was warrantless are therefore directly contradicted by the undisputed record in his counseled case.

In support of Claims One and Three the petitioner alleges only that ICE did not *provide him* with a warrant at the time of his arrest. Doc. 1 at 6, 8. Even if true, that allegation does not show that his arrest was warrantless—only that he was not provided with a copy of the warrant at the time of his arrest. That is not relevant to the legal question before me. For the same reason, the petitioner's recent motion seeking to "add additional facts" to the record, which only relate to whether he was informed of the existence of the warrant, is denied.

In any event, after the petitioner's arrest, an immigration judge determined

---

1 Because the petitioner proceeds *pro se*, I construe his filings liberally without acting as his advocate. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

at his individualized bond hearing that the petitioner is a danger to the community, and his continued detention rests on that determination. As explained in *Onton Chate I*, if the petitioner believes his circumstances have materially changed since his November 2025 bond hearing, his remedy is to ask the immigration judge for a new bond hearing. *See* 8 C.F.R. § 1003.19(e).[2]

It plainly appears from the *pro se* petition that the petitioner is not entitled to habeas relief on the basis that his continued detention violates his Fifth Amendment right to due process, or on the basis that his arrest was warrantless.

It is **ORDERED** that:

The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, **Doc. 1**, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

The Request to Add Additional Facts to the Warrantless Arrest Claim, **Doc. 8**, is **DENIED**; and

The Clerk of Court is **DIRECTED** to enter final judgment and close this case.

DATED November 5, 2026.

BY THE COURT:

Daniel D. Domenico
United States District Judge

2 The petitioner is advised that he may not file repeated habeas petitions challenging the same detention. The abuse-of-the-writ doctrine applies to § 2241 actions. *See Stanko v. Davis*, 617 F.3d 1262, 1269-71 (10th Cir. 2010). Under that doctrine, a petitioner who raises a claim in a later application that he could have raised in an earlier one must show cause for the omission and resulting prejudice. *McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991). Counsel's failure to raise a particular claim does not establish cause. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991).